IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**BRANDON CSADY**

*Plaintiff*,

v.

**COLONEL GARY T. SETTLE,**
**Virginia State Police Superintendent,**
**in his official capacity;**
**Address: 7700 Midlothian Turnpike**
**North Chesterfield, VA 23235**

Case No. **3:20-cv-00933-DJN**

**TIMOTHY A. MARTIN,**
**Commonwealth Attorney of Augusta County,**
**Virginia, in his official capacity;**
**Address: 6 East Johnson Street**
**1st Floor District Building**
**Staunton, VA 24401**

**VIRGINIA DEPARTMENT**
**OF STATE POLICE**
**Address: 7700 Midlothian Turnpike**
**North Chesterfield, VA 23235**

*Defendants*.

## COMPLAINT

COMES NOW the Plaintiff, Brandon Csady, by and through undersigned counsel, and submits the following causes of action for violations of his right to procedural due process guaranteed under the Fourteenth Amendment of the United States Constitution and violations of

the Virginia Administrative Process Act ("Virginia APA"). In support of such actions, Plaintiff alleges the following:

INTRODUCTION

1. The Commonwealth of Virginia requires registration on the Commonwealth's sex offender registration list for out-of-state defendants who would be required to register under the laws of their "convicting jurisdiction." This ad hoc decision of whether an individual's convicting jurisdiction would require registration is made solely by Virginia State Police employees without any statutory or regulatory guidance, and without notice or meaningful opportunity to be heard by the accused. There are is no pre or post-determination opportunity to contest a decision made by the Virginia State Police.

2. The failure to provide any formal process allowing Mr. Csady to be heard before rendering a decision violated Plaintiff's Fourteenth Amendment right to procedural due process.

3. Mr. Csady, a former Staff Sergeant in the United States Air Force, was convicted by a general courts-martial of indecent exposure in violation of Article 120c of the United States Code of Military Justice ("UCMJ"), 10 U.S. Code § 920c. While the Virginia Sex Offender and Crimes Against Minors Registry Act does not include indecent exposure as a crime subject to registration, the Virginia State Police forced Mr. Csady to register under the incorrect rationale that he would have been required to register in his "convicting jurisdiction." Under the laws of Mr. Csady's "convicting jurisdiction," registration would not have been required because offenses that "constitute only public sex acts between consenting adults do not require sex offender registration." The decision by Virginia State Police to require Mr. Csady to register on Virginia's sex offender registry is in violation of Virginia ("VA") Code § 2.2-4027 and subject to review by this Court.

2

PARTIES

4. Plaintiff, Brandon Csady is a former Staff Sergeant in the United States Air Force. Mr. Csady is a prior resident of Oklahoma who relocated to Virginia in June 2020. Mr. Csady is now a resident of Augusta County, Virginia where he attends school at James Madison University.

5. Defendant, Virginia Department of State Police ("VSP") is a state law enforcement agency tasked with, among other things, enforcing highway laws in Virginia. It is currently one of fourteen agencies within the Cabinet Secretariat of Public Safety in Virginia. In accordance with Virginia law, VSP is tasked with maintaining and determining eligibility for registration required by the Virginia Sex Offender and Crimes Against Minors Registry Act. VSP maintains its headquarters in Chesterfield, Virginia.

6. Defendant Colonel Gary T. Settle is the Virginia State Police Superintendent and serves as the chief executive officer of the Department. Colonel Settle leads and manages all aspects of the Department of State Police including its responsibility for maintaining and determining eligibility for Virginia's sex offender registry.

7. Defendant Timothy A. Martin is the elected Commonwealth Attorney for Augusta County, Virginia and responsible for prosecuting crimes committed in his county including failure to comply with sex offender registry requirements.

JURISDICTION & VENUE

8. Plaintiff's first cause of action ("1983 Claim") is brought pursuant to 42 U.S.C. § 1983 seeking redress for deprivation of rights secured by the United States Constitution. Therefore, this Court maintains jurisdiction pursuant to 28 U.S.C. § 1331.

9. Venue is proper in the Eastern District of Virginia, Richmond Division pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3 as the judicial division where the VSP maintains its

headquarters and the judicial division in which a substantial part of the events or omissions giving rise to the claim occurred.

10. This Court has jurisdiction over Plaintiff's Virginia APA claim pursuant to 28 U.S. Code § 1367 as the claim forms part of the same case or controversy as the 1983 Claim which this Court maintains original jurisdiction.

11. Section 2.2-4026 of the Virginia APA grants the court with the power to hear claims of direct review against "the agency or its officers or agents" made by "any person claiming the unlawfulness of a case decision." VA Code § 2.2-4026.

## STATUTORY FRAMEWORK

***Virginia Sex Offender and Crimes Against Minors Registry Act***

12. Virginia's registration requirements for convicted sex offenders is outlined in the Virginia Sex Offender and Crimes Against Minors Registry Act. VA Code § 9.1-902 sets out the crimes for which registration is required. No variation of indecent exposure (VA Code § 18.2-387) is listed in the statute as an offense requiring registration in Virginia.

13. For those convicted of out-of-state crimes, there are two potential mechanisms for determining registration requirements. This is by way of VA Code § 9.1-902 (A)(5) and (6), when an individual is convicted of an offense in another state which is similar to one listed in subdivisions 1 through 4 of the VA Code; or when an individual is convicted of a crime in another jurisdiction and that jurisdiction would have required registration.

***Sex Offender Registration and Notification Act ("SORNA")***

14. Title I of the Adam Walsh Child Protection and Safety Act, the Sex Offender Registration and Notification Act ("SORNA"), specifically includes certain UCMJ convictions

4

in its definition of "sex offenses." Specifically, Department of Defense Instruction ("DODI") 1325.07 contains a specific list of UCMJ convictions that require registration under SORNA.

15. DODI 1325.07 provides "A Service member who is convicted in a general or special court-martial of any of the offenses listed in Table 4, must register with the appropriate authorities in such jurisdiction in which he or she will reside, work, or attend school upon leaving confinement, or upon conviction if not confined."

16. Indecent exposure is listed in Table 6 of DODI 1325.07, however it is exempted in cases of consensual adult contact. Specifically, the instruction states, "notwithstanding the offenses listed in Table 4, offenses under Articles 120 or 134 of the UCMJ that constitute only public sex acts between consenting adults do not require sex offender registration (i.e., indecent exposure)." DODI 1325.07.

*Virginia Administration Process Act*

17. The Virginia APA affords persons aggrieved by a final case decision of an administrative agency a right of judicial review by a circuit court. Code § 2.2-4026; Code § 2.2-4027.

18. According to VA Code § 2.2-4027, "the burden shall be upon the party complaining of agency action to designate and demonstrate an error of law subject to review by the court." Such areas subject to the court's judicial review include (1) whether the agency acted in accordance with law; (2) whether the agency made a procedural error which was not harmless error; and (3) whether the agency had sufficient evidential support for its findings of fact.

19. Under the Virginia APA, a circuit court reviewing a final agency decision acts in a manner "equivalent to an appellate court's role in an appeal from a trial court." *Giannoukos v.*

5

*Va. Bd. of Med. & Dep't of Health Professions*, 44 Va. App. 694, 698, 607 S.E.2d 136, 138 (2005).

**42 USCS § 1983**

20. 42 USCS § 1983 provides a civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States by any person acting under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia.

FACTUAL ALLEGATIONS

21. Mr. Csady is a former Air Force Staff Sergeant, who served in the United States Air Force for over six (6) years.

22. In September of 2019, Mr. Csady was convicted by an Air Force general courts-martial in Atlas, Oklahoma of one specification of indecent exposure in violation of Article 120c UCMJ, and one specification of Article 93, UCMJ.

23. In total, Mr. Csady was accused of six (6) specifications including two specifications of maltreatment under Article 93, UCMJ; two specifications of sexual assault under to Article 120, UCMJ; and two specifications of indecent exposure under Article 120c, UCMJ. Mr. Csady was acquitted on all but two specifications.

24. As part of his sentence, Mr. Csady was only given sixty (60) days of base confinement with no time in custody, and afforded the opportunity to complete his service and receive an honorable discharge. Mr. Csady was honorably discharged from the Air Force in March 2020.

25. The relevant conviction involves an incident in which Mr. Csady allegedly partially exposed his penis to a female Senior Airman ("female 'SrA'") while they were alone in a pickup truck on base and engaged in a consensual adult activity.

26. Mr. Csady was fully acquitted by a panel of officers and enlisted members of the Article 120 specification of sexual assault against the female SrA, further demonstrating that the encounter was consensual.

27. Following Mr. Csady's conviction for indecent exposure, Major Nathaniel Lesher, USAF Commander transmitted a "notification of conviction letter" to Mr. Csady's state of residence in Oklahoma. Commander Lesher specifically noted, "this notification serves as a requirement for DoD Commanders but does not determine a state's requirement to determine if the individual qualifies under state law for sex offender registry."

28. Between March 2020 and May 2020, the decision whether Mr. Csady would be required to register as a sex offender remained pending with the Oklahoma Department of Corrections.

29. In May 2020, the Oklahoma Department of Corrections informed Mr. Csady that it would not reach a decision regarding his requirement to register in the state because Mr. Csady intended to move his permanent residence to Virginia.

30. On or around June 19, 2020, Mr. Csady and his family relocated to Augusta County, Virginia. Mr. Csady was not provided any notice by the Commonwealth of Virginia or VSP regarding a requirement to register on Virginia's sex offender registry.

31. To protect himself, Mr. Csady took the proactive step of reaching out to VSP and coordinating an initial registration.

32. On June 22, 2020, he registered with the state trooper responsible for sex offender registration in his county.

33. VSP lacked any formal process or procedure for submitting supporting evidence regarding a registration decision.

34. There was no procedure or guidance for submitting evidence or requesting an opportunity to be heard before a decision was rendered.

35. Unsolicited, Mr. Csady mailed over 577 pages of documentation supporting the fact that his conviction for indecent exposure did not require registration in Virginia to VSP headquarters. Mr. Csady was told that a final registration decision would be made within fourteen (14) days of his initial registration.

36. Based on information and belief, there is no actual coordination or communication between the decision makers at VSP, and agents or authorities in the "convicting jurisdiction" to determine if the convicting jurisdiction would have required registration.

37. There is no authoritative guidance to State officials regarding how to make a determination that an out-of-state offense would require registration in the "convicting jurisdiction."

38. On July 31, 2020, Mr. Csady was informed that VSP had determined he met the criteria as a Tier 1 sexual offender.

39. The one page July 31st letter from VSP failed to specify the rationale justifying Mr. Csady's inclusion as a Tier 1 sexual offender. Additionally, the letter contained no opportunity to formally contest the decision.

40. Because the July 31st letter was boilerplate and contained no specifics, Mr. Csady submitted a request for reconsideration and clarification on August 14, 2020.

41. In a response dated August 26, 2020, VSP confirmed that Mr. Csady would not be provided a hearing to determine his requirement to register on Virginia's sex offender registry. In addition, VSP specified that it had relied on the law of the "convicting jurisdiction" in making its determination.

42. VSP failed to address the clear language of paragraph 6 of Appendix 4 to Enclosure 2 of DODI 1325.07, which exempts Mr. Csady from registering and states:

> "Notwithstanding the offenses listed in Table 4, offenses under Articles 120 or 134 of the UCMJ that constitute only public sex acts between consenting adults do not require sex offender registration (i.e., indecent exposure). An offense involving consensual sexual conduct between adults is not a reportable offense, unless the adult victim was under the custodial care of the offender at the time of the offense. Additionally, an offense involving consensual sexual conduct is not a reportable offense if the victim was at least 13 years old and the offender was not more than 4 years older than the victim (as determined by date of birth)." Paragraph 6 of Appendix 4 to Enclosure 2 of DODI 1325.07

43. Mr. Csady is now currently registered on Virginia's sex offender registry which has substantially limited his liberty by requiring him to have his photograph taken and stored on file; provide a DNA sample for use in a DNA data bank; submit finger and palm prints; provide his employment information; submit all instant message, email address, or chat user Identification information; provide the registration information for all of his vehicles; and provide proof of his place of residence.

44. In addition, being placed on Virginia's sex offender registry deprives Mr. Csady of a cognizable liberty interest by restricting the places he may live, work, and spend recreational time.

45. Mr. Csady is currently grouped in the same tier as those perpetrators convicted of Child Pornography; Penetration of the Mouth of a Child with Lascivious Intent; Enter Dwelling House with intent to Rape; and Commercial Sex Trafficking.

46. Failure of Mr. Csady to comply with Virginia's registration requirements is punishable by a Class 1 misdemeanor or a Class 6 felony as provided in VA Code § 18.2-472.1 and subjects him to prosecution in Augusta County.

## CAUSES OF ACTION

### Count I
(Procedural Due Process Against Defendant Settle and Defendant Martin)

47. All preceding paragraphs are incorporated herein by reference.

48. Plaintiff has been placed on the Virginia's sex offender registry and is currently under threat of arrest and prosecution for violating any state statute applicable to registrants.

49. Placement on Virginia's sex offender registry has caused significant reputational harm to the Plaintiff.

50. Placement on the sex offender registry has significantly deprived Plaintiff of liberty interests including his freedom to travel, move, and reside without restrictions.

51. Plaintiff was given no notice or opportunity to be heard before the decision was rendered to place Plaintiff on the sex offender registry.

52. Plaintiff was given no opportunity to contest the adverse decision against him.

53. No formal process exists for submitting, presenting, and arguing evidence related to Virginia's determination of whether out-of-state offenses require registration.

54. In totality, the procedures attending Plaintiff's deprivation of liberty were constitutionally inadequate.

### Count II
(Virginia APA Claim Against Virginia Department of State Police)

55. All preceding paragraphs are incorporated herein by reference.

56. VSP is a state administrative agency of the Commonwealth of Virginia.

57. VSP committed an error of law subject to review by this Court by categorizing Mr. Csady as a Tier I sexual offender despite the clear guidance to the contrary in Mr. Csady's "convicting jurisdiction."

58. VSP lacked substantial evidence to support the decision to require Plaintiff to register on Virginia's sex offender registry.

59. VSP's decision to place Plaintiff on the State's sex offender registry was arbitrary, capricious and a clear abuse of the delegated discretion.

**WHEREFORE**, Plaintiff pray this honorable Court:

1) For a declaratory judgment that the Commonwealth of Virginia has violated the due process rights of Plaintiff under the Fourteenth Amendment of the United States Constitution by placing him on the Virginia Sex Offender Registry and thereby subjecting him to a substantial deprivation of liberty without notice and opportunity to be heard;

2) For declaratory judgment that the Virginia Department of State Police has committed an error of law without substantial evidence by placing Plaintiff on Virginia's Sex Offender Registry.

3) For an Order directing Defendants, in their official capacities, to remove Plaintiff's name and other information of Plaintiff from the Virginia Sex Offender Registry;

4) For an injunction barring Defendants, in their official capacities, from enforcing Virginia statutes applicable to registered sex offenders against Plaintiff.

5) For attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable federal or state statute.

6) Such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: December 7, 2020.

/s/ *Arthur Pickett*
_____
Arthur P. Pickett (VSB No. 94943)
The Pickett Law Group, PLLC
3607 Chain Bridge Road, Unit D
Fairfax, VA 22030
Email: arthurpickett@novadefender.com
Phone: (703) 774-6753
*Counsel for Plaintiff Brandon Csady*